## In re KUSTERER.

(Court of Appeals of District of Columbia. Submitted January 12, 1922. Decided February 6, 1922.)

### No. 1400.

1. **Patents ⊂⇒26(2)—Assembling old elements to produce new result may be invention.**

   The assembling of elements which are old in the art in such a manner as to produce a new result may be invention.

2. **Patents ⊂⇒26(2)—Assembling elements from two old devices to operate in same manner as one of them is not invention.**

   The assembling of available parts of two prior devices to produce a device, which operates in substantially the same manner as one of the prior devices, is not invention.

3. **Patents ⊂⇒36—Doubt as to patentability resolved in favor of invention.**

   Where the dividing line between patentability and the exercise of mechanical skill is difficult to define, the doubt is resolved in favor of invention.

Appeal from the Commissioner of Patents.

Application by Carl C. Kusterer for a patent for a table slide structure. From a decision of the Commissioner of Patents, refusing the allowance of a claim, applicant appeals. Affirmed.

Fred L. Chappell and Otis A. Earl, both of Kalamazoo, Mich., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, refusing to allow claim 3 in appellant's application, which reads as follows:

"3. A table slide structure comprising a center slide adapted to be secured to the bridge of the table, an outer slide member secured to one portion of the table top and an inner slide member secured to the opposite portion of the table top, said slides having coengaging parts, a pulley with a vertical axle on the central slide, a cable looped over said pulley and connecting the inner slide member to the outer slide member, clearance way being formed in said slides for the cable, whereby the movements of the slides are equalized."

This claim was denied on reference to a British patent issued to one Pocock, in 1805; a patent issued to one Curry, September 21, 1869; and a patent issued to one McMahon, June 25, 1912.

The invention relates to an extension table, in which the extension slides, moving in opposite directions, are connected by cables in such manner as to equalize the movement of the slides.

The patent of Pocock discloses a rectangular frame so mounted that it slides between fixed rails, and a similar frame with one end open and mounted to slide on the outer sides of the fixed rails. Pulleys are mounted near the center of the fixed rails, and the cords placed over the pulleys with one end attached to the inner frame and the other end to the outer frame, in such manner that the movement of one frame

simultaneously moves the other. The patent to McMahon discloses two fixed rails carrying a table top, with the rails tongued and grooved and a clearance space for the rack and pinion shifting mechanism. The patent to Curry discloses slides tongued and grooved with clearance spaces for the cords.

[1, 2] It therefore appears that the claim in issue shows a combination of elements, old in the art; in other words, it covers the construction of McMahon, modified by the cord and pulley slide shifting mechanism shown in the Pocock patent. It is well settled that elements which are old in the art, when assembled in such a manner as to produce a new result, may be held to constitute invention. We think, however, that the rule is not applicable in this case. Appellant's device, while showing a high degree of mechanical skill in the selection and putting together of available parts of the different devices above referred to, operates in substantially the same manner as did the old British patent.

[3] In cases where the dividing line between patentability and the exercise of mechanical skill is difficult to define, we resolve the doubt in favor of invention; but the present case does not, in our opinion, belong to that class. While appellant produced a valuable improvement, we are unable to reach the conclusion that what he accomplished amounted to invention.

The decision of the Commissioner of Patents is affirmed.

Mr. Justice HOEHLING, of the Supreme Court of the District of Columbia sat in the place of Mr. Chief Justice SMYTH in the hearing and determination of this appeal.